```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF OKLAHOMA
```

```
DEBRA CAMPBELL,                )
                               )
         Plaintiff,            )
                               )
v.                             )   Case No. CIV-18-167-RAW-KEW
                               )
COMMISSIONER OF SOCIAL         )
SECURITY ADMINISTRATION,       )
                               )
         Defendant.            )
```

**REPORT AND RECOMMENDATION**

Plaintiff Debra Campbell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 59 years old at the time of the ALJ's decision. Claimant completed her high school education as well as four or

more years of college. Claimant worked in the past as a kindergarten teacher and a pecan buyer. Claimant alleges an inability to work beginning March 15, 2015 due to back problems and obesity.

## Procedural History

On October 19, 2015, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 5, 2017, Administrative Law Judge ("ALJ") Luke Liter conducted an administrative hearing by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding from Tulsa, Oklahoma. On August 21, 2017, the ALJ issued an unfavorable decision. On March 29, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform her past relevant work.

4

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) giving the opinion of an APRN "little weight"; and (2) failing to properly consider Claimant's shoulder limitations in the RFC.

**Consideration of the Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the lumbar, cervical, and thoracic spine and obesity.  (Tr. 29).  The ALJ found Claimant retained the RFC to perform light work.  (Tr. 34).  In so doing, the ALJ found Claimant could lift, carry, push or pull 20 pounds occasionally and ten pounds frequently, sit for six hours, stand/walk for six hours in an eight hour workday, occasionally climb ramps or stairs, but Claimant should avoid climbing ladders, ropes, or scaffolds.  She could occasionally balance, kneel, stoop, crouch, and crawl.  Claimant could occasionally balance, kneel, stoop, crouch, and crawl.  She could not tolerate exposure to hazards such as unprotected heights or dangerous moving machinery.  (Tr. 34).

After consultation with a vocational expert, the ALJ found Claimant could perform her past relevant work as a kindergarten teacher and pecan buyer. (Tr. 39).  As a result, the ALJ found

Claimant was not under a disability from March 15, 2015 through the date of the decision. (Tr. 40).

Claimant first contends the ALJ failed to properly evaluate the opinion on Claimant's functional limitations offered by Karyn Lane, an APRN. Ms. Lane provided a medical source statement dated August 2, 2016. She limited Claimant to lifting/carrying up to ten pounds occasionally, sitting for 30 minutes at one time and in an eight hour workday, standing for 30 minutes at one time and in an eight hour workday, and walking for 45 minutes at one time and in an eight hour workday. She stated Claimant must rotate positions frequently and lay down. Ms. Lane found Claimant could only occasionally reach, handle, finger, feel, and push/pull. Her bases for these restrictions were arthritis in the fingers, osteopenia, and degenerative disc disease. Claimant was determined to be able to occasionally climb stairs and ramps, climb ladders and scaffolds, and balance but never stoop, kneel, crouch, or crawl. The bases for these findings were stated as osteopenia – arthritis, blood clots in the legs, and degenerative disc disease. Ms. Lane noted Claimant had hearing loss in the left ear, could not read very small print, and must wear reading glasses. Claimant was also found to only occasionally be able to

6

be in unprotected heights and around moving machinery parts, extreme heat and vibrations. She could never be around humidity and wetness, dust, and extreme cold due to osteopenia – arthritis, degenerative disc disease, and blood clots in the legs. Ms. Lane stated Claimant could not walk a block at a reasonable pace on rough or uneven surfaces or use standard public transportation. Ms. Lane estimated Claimant's limiting conditions existed since 2012. (Tr. 494-99).

The ALJ stated he considered Ms. Lane's opinion but gave it "little weight." He found Ms. Lane was not an acceptable medical source, was a treating source but failed to consider other medical and non-medical evidence which provided an incomplete picture of Claimant's abilities, and provided limitations which were not entirely supported by the record. As an example, the ALJ noted that Ms. Lane stated Claimant could only walk for 45 minutes in an eight hour workday but Claimant had reported she could walk for two miles a day frequently. (Tr. 38-39).

The ALJ is correct that Ms. Lane, as an APRN, is not an "acceptable medical source" under the regulations. Only "acceptable medical sources" can provide evidence to establish the existence of a medically determinable impairment, 20 C.F.R. §

7

404.1513(a), only they can provide medical opinions, 20 C.F.R. § 404.1527(a)(2), and only they can be considered treating sources, 20 C.F.R. § 1527(d). The regulations, however, also contemplate the use of information from "other sources," both medical and non-medical. See 20 C.F.R. §§ 404.1502, 404.1513(d). In the category of other medical sources, the regulations include, but are not limited to, nurse practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists. 20 C.F.R. § 404.1513(d)(1).

The ALJ expressly considered Ms. Lane's opinion and provided plausible and justifiable reasons for its rejection. He determined that the opinions of the consultative physicians Drs. David Coffman and Dorothy Leong, who were acceptable medical sources, "some weight" although he also found Claimant's abilities were more limited and on the psychological evaluations, Drs. Cynthia Kampschaefer and Ron Cummings were entitled to "great weight." (Tr. 37-38). The ALJ was entirely within his function to accept the findings of these physicians over the incongruent restrictions found by Ms. Lane.

The medical evidence indicated mostly mild degenerative disc disease. (Tr. 383-84, 448, 658-59). Examination findings indicated no joint swelling or tenderness and normal range of

8

motion and normal strength. (Tr. 375, 404, 406, 409, 412, 414-15, 418, 430, 433, 451, 479, 507, 762). She did suffer from shoulder pain and range of motion difficulties but this did not warrant the extreme limitations imposed by Ms. Lane. (Tr. 511, 656, 762). This Court finds no error in the ALJ's evaluation and weighing of Ms. Lane's opinion.

### Consideration of Claimant's Shoulder Impairment

Claimant contends the ALJ should have imposed more extensive limitations in the RFC attributable to her shoulder condition. The ALJ expressly considered Claimant's stated problems with her shoulder, including her difficulty with fastening a seat belt and with drying her hair. (Tr. 35). He also discussed limitations in her range of motion. (Tr. 36). He concluded, however, that her claims of debilitating pain were inconsistent with her refusal of steroid injections and more significant treatment. (Tr. 31). This analysis was entirely appropriate. Soc. Sec. R. 16-3p, 2017 WL 5180304, at *9.

Claimant argues that the ALJ was required to make additional findings concerning whether treatment, had it been followed, would have restored her functionality. Such findings were not required in this context. See Qualls v. Apfel, 206 F.3d 1268, 1272-73 (10th Cir. 2000). Claimant asserts she turned down the steroid

9

injection because they caused weight gain. Nothing in the record indicates that a physician told her that the treatment would result in weight gain. (Tr. 761-63).

The ALJ engaged in a thorough analysis of the effect of Claimant's shoulder condition upon her functional abilities in light of the objective medical record. (Tr. 30, 36-37). This Court finds no error in the assessment of the effects of this condition upon her ability to engage in basic work activities.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of September, 2019.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma

11